UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PAUL L. HAKE, | ) | CASE NO. 4:09 CV 1091 |
| | ) | |
| Petitioner, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| EDWARD BANKS, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

On May 12, 2009, petitioner *pro se* Paul L. Hake filed the above-captioned *in forma pauperis* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Hake is incarcerated in an Ohio penal institution, having been convicted, pursuant to a jury verdict, of gross sexual imposition (2 counts). For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2254(a). In addition, petitioner must have exhausted all available state court remedies. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995) (per curiam); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir. 1994). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

Hake raises four grounds in support of the petition. These grounds were apparently sought to be raised in a motion for delayed appeal to the Ohio Supreme Court, but the delayed appeal was denied.

Although the petition is silent concerning the reason petitioner's motion for delayed appeal was denied by the Ohio Supreme Court, this court must assume the motion was denied because he failed to make the requisite showing of adequate reasons for the delay or otherwise failed to comply with Ohio Sup.Ct. R. II(2)(A)(4)(a). *See Smith v. State of Ohio Dep't of Rehab. and Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006); *Simpson v. Sparkman*, 94 F.3d 199, 203 (6th Cir. 1996). Thus, Hakes was procedurally barred from raising the grounds sought to be raised herein in the state court.

If a procedural bar in the state court exists, this court will not consider the claims unless petitioner establishes adequate cause to excuse his failure to raise the claims and actual prejudice to him. *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991) (citing *Murray v Carrier*, 477 U.S. 478, 488 (1986)); *see also Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1990). Hake has not shown cause or prejudice.

For the foregoing reasons, the request to proceed *in forma pauperis* is granted and this action is dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: July 30, 2009

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**